LILY C. SUDDARD *vs.* UNITED ELECTRIC RAILWAYS COMPANY.

MAY 15, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This is an action of trespass on the case brought to recover damages for personal injuries alleged to have been caused to the plaintiff by the negligent operation of an electric car belonging to and operated by the defendant. The case was tried before a justice of the superior court and a jury and at the conclusion of the evidence a verdict was directed for the defendant. The plaintiff excepted to this ruling of the trial justice, and the case is now before us on her bill of exceptions containing this single exception.

The plaintiff contends that the trial justice erred in directing a verdict for the defendant. In support of this contention she argues that the testimony of the operator of de-

fendant's car shows clearly that he was negligent and further, that, in any event, there was conflicting evidence on the question of liability and, therefore, the trial justice invaded the province of the jury in granting the defendant's motion for a directed verdict.

The plaintiff makes a further contention that the evidence clearly shows that notwithstanding the contributory negligence of the plaintiff, if any, the defendant is liable because the operator of the car had the last clear chance to avoid the accident and could have avoided it if he had been in the exercise of reasonable care. In support of this contention, she refers us to the evidence and seeks to show that the operator, on his own testimony, actually discovered the peril of the plaintiff and, if he had been exercising reasonable care, could have averted the accident.

We have carefully read the transcript with particular reference to these contentions, and we can find no support for either of them. It appears from the evidence quite clearly that the operator of the defendant's car was not guilty of negligence. There is no real substantial conflict in the evidence on this point. There are at most three places in the transcript where it could reasonably be said that there was a conflict in the testimony. In each instance it is concerning an inconsequential matter, which, even viewed most favorably to the plaintiff, would not affect the main issues of defendant's alleged negligence or the alleged freedom of the plaintiff from contributory negligence.

The plaintiff's contributory negligence is also clear. There is nothing in the transcript tending to show that the defendant's operator saw the plaintiff in a position of peril in time to have the last clear chance to avert the accident. The evidence points unmistakably to the fact that the plaintiff, when she was last seen by the operator of the car, was not in a position of danger. She was, at that time, standing in a safe place alongside her automobile, parked at the curb a distance of between five and six feet from the nearer rail of the car

track over which the electric car was approaching. After the front of the car had passed without striking her, she then changed her position from a place of safety to a place of danger and came in contact with the side of the electric car thereby receiving her injuries.

We are, therefore, of the opinion that the trial justice did not err in granting defendant's motion and that he was fully warranted, on the evidence before him, in directing a verdict for the defendant.

Plaintiff's exception is overruled, and the case is remitted to the superior court for the entry of judgment on the verdict as directed.

*Voigt, Wright, Munroe & Clason, Clifton I. Munroe, Lucien Capone,* for plaintiff.

*Clifford Whipple, Earl A. Sweeney,* for defendant.